**FORM TO BE USED BY FEDERAL PRISONERS FOR FILING A PETITION FOR WRIT OF HABEAS CORPUS UNDER TITLE 28 U.S.C. § 2241**

IN THE UNITED STATES DISTRICT COURT

FOR THE

```
   D. Ricky Richardson
         Petitioner
   17761-038 J-B 208U
   F.M.C. Devens, P.O. Box 879
   Ayer, MA 01432-0879
```
(Full name under which you were convicted;
Prison Number; Full Mailing Address).

VS.                                            CIVIL ACTION NO._____

```
   Department of Justice
   Bureau of Prison
```
          Respondent(s)          **04-40099** EFH

```
   Director Harley Lappen, et al,
   Warden David L. Winn, et al,
```

(Name of Warden or other authorized person
having custody of Petitioner).

**PLEASE COMPLETE THE FOLLOWING. READ THE ENTIRE PETITION BEFORE FILLING IT OUT. ANSWER THOSE QUESTIONS WHICH PERTAIN TO YOUR TYPE OF CLAIM.**

1. This petition concerns: (check appropriate blank)

   _____ A conviction
   _____ A sentence  (**CAUTION:** If you are attacking a sentence imposed under a Federal Judgment, you
                        must file a direct motion under 28 U.S.C. § 2255 in the Federal Court which entered the
                        Judgment).
   _____ Jail or prison conditions
   _____ Prison discipline issue
   _____ A parole problem
   __x___ Other. State briefly: __Good Conduct Time__
                                __Halfway House__

2. Place of detention: __F.M.C. Devens, P.O. Box 879, Ayer, Massachusetts, 01432-0879__

1

**HAVE YOU FILED PREVIOUS PETITIONS FOR HABEAS CORPUS MOTION UNDER TITLE 28 U.S.C. § 2255, OR ANY APPLICATIONS, PETITONS OR MOTIONS WITH RESPECT TO THIS CONVICTION?**

____x____ Yes          _____ No

3. If your answer is "yes," give the following information:

a. Name of the Court: United States District Court for the District of Massachusetts
          Court of Appeals
b. Nature of proceeding: Motion to file appeal late

c. Grounds raised: Trial counsel failed to file a timely notice of appeal, despite defendant's instructions to do so; counsel was thereby constitutionally ineffective

d. Result: Motion denied by trial court, E.D. Harrington, SDJ
          Case Pending

e. Date of result: Pending

f. Citation or number of any written opinion or order entered pursuant to each such disposition: none

4. If you did not file a motion under section 2255 of Title 28 U.S.C., or if you filed a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

5. Does counsel presently represent you? _____ Yes __x__ No

If so, Name address and phone number of counsel: 

6. Name and location of court, which imposed sentence: United States District Court of Massachusetts

2

7. Indictment or case number, if known: __1:00-CR-10417-EFH__

8. Offense or Offenses for which sentence was imposed: __18 U.S.C. §513(a), §514(a), §371__

9. Date upon which sentence was imposed and the term of the sentence: __November 12, 2002__

10. When was a finding of guilt made? (Check one)
   _____ After a plea of guilty

   __x__ After a plea of not guilty

   _____ After a plea of Nolo Contendre

11. If you were found guilty after a plea of not guilty, was that finding made by:
   __x__ A jury

   _____ A judge without a jury

12. Did you appeal the judgment of the conviction or the imposition of a sentence? \_\_\_\_\_ Yes __x__ No

13. If you did appeal, give the following information for each appeal:

a. Name of court: _____

b. Result: _____

c. Date of result: _____

d. Citation or number of opinion: _____

e. Grounds raised: (List each one)

_____
_____
_____
_____
_____

**NOTE: If you appealed more than once, attach an additional sheet of paper the same size, give all the information requested above in question number 13, a through e. DO NOT WRITE ON BACK OF PAGE.**

14. Summarize <u>briefly</u> the facts supporting each ground. If necessary attach a single page behind this page.

**CAUTION:** If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

a. Ground one: ___Request for full Good Conduct Time credit for time imposed___

Supporting Facts: (Tell your story BRIEFLY without citing cases or law. You are CAUTIONED that you must state facts not <u>conclusions,</u> in support of your grounds. E.g., who did exactly what to violate your rights at what time or place).

___See Petitioner's attachment___

b. Ground Two:
___Petitioner was qualified for six(6) month Halfway House___

Supporting Facts: ___See Petitioner's attachment___

Ground Three:

Supporting Facts: 

4

15. If this petition concerns jail or prison conditions, prison discipline, a parole problem or other cause under 28 U.S.C. § 2241, answer the following:

a. Did you present the facts in relation to your present complaint in the internal prison grievance procedure?

____x____ Yes  _____ No

(1) If your answer to "a" above is yes, what was the result? __was told that I will only get two(2) months halfway house and 94 days GCT__

(2) If your answer to "a" above is no, explain: _____

b. Did you present your claim to the Bureau of Prisons or other federal agency for administrative action?

____x____ Yes  _____ No

(1) If your answer is "yes," state the date such claim was submitted and what action, if any has been taken: __Inquired from Unit team as to the reason for the above time__

(2) If your claim has not been acted on, attach copies of any correspondence you have received from the Bureau of Prisons or other federal agency concerning you.

c. **STATEMENT OF CLAIM:** State here as briefly as possible the facts of your case. DO NOT give any legal arguments or cite any cases or any statutes. Attach extra pages of the same size to this page if more room is necessary. DO NOT write on the reverse side of this page.

__See Petitioner's attached 2241 motion__

5

**16. RELIEF:** state briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Petitioner request that this Honorable Court grant 2241 motion allowing the Petitioner to receive full GCT credits as statute directs

Petitioner is due to be released on August 3, 2004.

Signed on this the __28th__ day of __May__, 200_4_.

_____
Signature of petitioner

I DECLARE (OR CERTIFY, VERIFY OR STATE) THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE OR INFORMATION AND BELIEF AND THAT ANY FALSE STATEMENTS MADE THEREIN ARE MADE SUBJECT TO THE PENALTIES OF APPLICABLE LAWS RELATING TO UNSWORN FALSIFICATIONS TO AUTHORITIES.

**Executed on:** __May 28__, 200_4_.

_____
Signature of petitioner

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D. Ricky Richardson,<br>   Petitioner, | :<br>:<br>: |
| v. | : Civil N°.: |
| Department of Justice<br>Bureau of Prisons,<br>Harley Lappen, et al,<br>Director,<br>David L. Winn, et al,<br>Warden,<br>   Respondent(s). | :<br>:<br>:<br>:<br>:<br>:<br>: |

PETITION FOR WRIT OF HABEAS CORPUS
UNDER TITLE 28 U.S.C. §2241

  Now comes Petitioner, Ricky Richardson, 17761-038, acting Pro Se, in the above captioned action humbly filing this 28 U.S.C. §2241 motion before this Honorable Court.

  Petitioner is a federal inmate at F.M.C. Devens, located in Ayer, Massachusetts, addressed as P.O. Box 879, Ayer, MA. 01432-0879, serving a 23 month sentence for one(1) count of Possession of counterfeit checks a violation of 18 U.S.C. §513(a), four(4) counts of Possession of fictitious check a violation of 18 U.S.C. §514(a), and one(1) count of Conspiracy to utter counterfiet securities and false and fictitious instruments, all which are non-violate crimes, Petitioner statutory release date is October 2, 2004, under Bureau of Prisons good conduct time calculation of 94 days GCT credit.

  Petitioner has qualified for community correction confinement

(CCC) and has been informed that transition to CCC on August 3, 2004, giving Petitioner approximately two(2) months prior to release date to adjust to the community. This is with the Bureau of Prisons GCT calculations of 94 days.

Petitioner requested the statutory six(6) month CCC to adjust to the community as set by statute 18 U.S.C. §3621(b) be given to the Petitioner to prepare for release into the community and back into the lives of the Petitioner's family.

Petitioner also requested the GCT allows that is also set by statute 18 U.S.C. §3624(b), a federal prisoner may earn up to 54 days of good conduct time(GCT) for every year of his "Term of Imprisonment." The Bureau of Prisons calculate GCT on the basis of the sentence served rather than on the time actually served.

Whereas, the Petitioner was sentenced to a term of imprisonment of 23 months his calculation should have been 54 days X 1.9= 102.6 the B.O.P. has calculated the Petitioner's GCT time served at 94 days, shorting the Petitioner GCT of 8.6 days causing the Petitioner to serve an extra 8 days in prison.

## GROUNDS FOR PETITION

I.  Petitioner is requesting full GCT credit for time imposed by the United States District Court for the District of Massachusetts on November 11, 2002, for the Petitioner to serve 23 months imprisonment and that this Honorable Court to order the B.O.P. count the Petitioner 8 days that was not calculated.

II.  Petitioner is being given two(2) months CCC early release to halfway house, whereas, Petitioner is qualified for six(6) months CCC, and has been a model prisoner since his incarceration at F.M.C. Devens and is entitle to early release under Title 18 U.S.C. §3624(c), this statute outlines what steps the B.O.P. is required to take at the end of an imprisonment term and when it must be taken by them.

I.     PETITIONER'S REQUEST FOR CREDIT UNDER
       THE B.O.P. GCT AND STATUTE 18 U.S.C. §3624(b)

Under 18 U.S.C. §3624(b), federal prisoner may earn up to 54 days of good conduct time(GCT) for every year of his "Term of imprisonment." The Bureau of Prisons calculate GCT on the basis of the sentence served rather than on the time actually served.

Most importantly, seizing on the reference in the statute ("18 U.S.C. §3624") to fifty-four(54) days, the Petitioner argues that of good conduct time to which he is <u>entitled</u> should be determined by simply multiplying 54 by 1.9 for the total of 102.6 days. The Petitioner's argument makes sense on its face, he is subject to a twenty-three month term of imprisonment: he should receive a credit of fifty-four days for each year of the term.

In fact, two Circuit Court has already addressed this very issue and determined the phrase outline in title 18 U.S.C. §3624, "term of imprisonment" as being ambiguous, it could be construed reasonably to mean either the term sentence or the amount of time served. See: <u>Camacho v. Hood</u>, 272 F.3d 1266, 1268-69(9th Cir. 2001), also <u>White v. Scibana</u>, 03-C-581-C (7th Cir. 2004).

The Petitioner also argues that §3624(b) is unambiguous: "term of imprisonment" means "sentence imposed." Therefore, the bureau must calculate an inmate's good conduct time on the basis of his sentence rather than on the time he has served.

The bureau may not limit the application of good conduct time of the amount of time the inmate has already served. In addition, when Congress has used "term of imprisonment" in other statutes, it generally does so as a synonym for "sentence." See: 18 U.S.C. §513(a) - ; 18 U.S.C. §514(a); and 18 U.S.C. §371.

In the instant case, the Petitioner a federally sentenced inmate housed at F.M.C. Devens that is under the direction and control of the Department of Justice Bureau of Prisons is being <u>denied</u> a portion of the good conduct time that he is entitle to, the Bureau of Prisons does not award good conduct time credit on the basis of the length of sentence imposed, but rather on the number of days actually "served."

In fact, however, under the Bureau of Prisons' Program Statement, a prisoner sentenced to a twenty-three month imprisonment earn not one hundred and two days ("102 days") of good conduct time credit, but only ninty-four days("94 days"). See: P.S. 5880.28

Contrary to the statute governing "Good Conduct Time," namely, Title 18 U.S.C. §3624(b), the Bureau of Prisons explicitly and illegally instructs it personnel to simply ignore the sentence imposed by trial Judge, but rather on the number of days actually served.

In fact, however, the pain logic of the Petitioner's position is that he should be eligible for up to fifty-four days("54 days") for each of year of his term of imprisonment.

Whereas, the Petitioner was sentence to a 23 month term of imprisonment the should calculate 54 days X 1.9 = 102.6 the bureau has calculated the Petitioner GCT under time served for a total of 94 days GCT shorting the Petitioner of 8 days.

II.     PETITIONER'S REQUESTING SIX(6) MONTHS
        COMMUNITY CORRECTION CONFINEMENT

Petitioner is being given only two(2) months CCC early release to Coolidge House, whereas, the Petitioner is qualified for six(6) months CCC, and has been a model prisoner since his incarceration at F.M.C. Devens and is entitled to early release under Title 18 U.S.C. §3624(c), this statute outlines what steps the B.O.P. is required to take at the end of an imprisonment term and when it must be taken by them.

Numerous courts across the country have found the B.O.P. policy to be legally invalid on a variety of grounds. See: Iacaboni v. United States, 251 F.Supp.2d 1015 (D. Mass. 2003), Pearson v. United States, WL 21262866 (E.D. Wis. May 29, 2003), Tipton V. Federal Bureau of Prisons, 262 F.Supp.2d 633 (D.Md. 2003), Byrd v. Moore, 252 F.Supp.2d 293 (D. Mass. 2003); Monahan v. Winn, 03-40075-NG; Pereira v. Winn, 03-40139-NG (D. Mass. 2003), McDonald v. Federal Bureau of Prisons, 03-CV-235 (N.D. Ga Feb,14, 2003) United States v. Canavan, WL 245226 (D. Minn. Jan, 22, 2003).

Pro Se, is approaching the end of his imprisonment terms and has been designated for Community Correction Confinement on August 3, 2004 for halfway house / home confinement, this gives the Pro Se only two(2) month in the ccc program when he qualify for six(6) month in the ccc program to prepare for his release.

Pro Se, has began to fulfill administrative remedy to the institution to get relief, where the B.O.P. has a inflexible policy, Pro Se feels that this clearly would be futile. See: Iacaboni, 251 F.Supp. 2d at 1017 n.1.

In the language of 18 U.S.C. §3621(b) does not support the the B.O.P.'s position at all. It pertains generally to the B.O.P.'s discretion over "place of imprisonment" and provides, in pertinent part:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Federal Government or otherwise...that the Bureau determines to be appropriate and suitable, considering--
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence--
>    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>    (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28.

The B.O.P. takes the position that the discretion §3621(b) affords the B.O.P. in determining "place of imprisonment" does not include the discretion to transfer a prisoner to ccc programs--

-6-

neither pursuant to a judicial recommendation at sentencing, nor at the end of a prisoner's term. Under PS 7310.04, <u>Community Corrections Center Utilization and Transfer Procedure</u> (Dec. 16, 1998)

> The Bureau is not restricted...in designating a ccc or an inmate and may place an inmate in a ccc for more than the 'last ten percentum of the term,' or more than six(6) months, if appropriate. See: <u>Howard</u>, 248 F.Supp. 2d at 530-31.

This definition admits of only one exception, which the B.O.P. itself cites, contradicting itself: During the final 10 percent of the term, not to exceed six(6) months, under 18 U.S.C. §3624(c) the statue outlining the steps that the B.O.P. is required to take at the end of a prison term to transition the prisoner back into society, prison can mean community confinement, or even home detention.

In fact, it is §3621(a) that arguably provides the closest thing to a definition of "imprisonment" as one can find in the United States Code:

> A person who has been sentenced to a term of imprisonment...shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant to the provisions of section 3624.

18 U.S.C. §3621(a), the statue makes clear that it is not place, but custody, that defines imprisonment--a conceptual distinction that is consistent with long-accepted views on this subject. <u>See</u>: <u>Reno v. Koray</u>, 515 U.S. 50, 63-65 (1995) recognizing that time spent in community confinement subject to B.O.P. custody entitles a prisoner to sentencing credit, while community confinement on pretrial release does not, because "unlike defendants 'released' on bail, defendants who are 'detained' or 'sentenced' always remain

-7-

subject to the control of the Bureau".

The district court in <u>Byrd</u> made clear that there is ample room within the broad parameters of §3621(b) to accommodate community confinement:

> This statue is extremely broad; it rules out almost no imaginable facility or institution, public or privately owned....
>
> People do not become inmates of ccc because they want to. While they are able to leave under some limited circumstances as outlined by 18 U.S.C. §3622, they are not free to come and go as they please. They are "imprisoned." Their liberty is restricted. There are consequences for their failure to follow rules. The Court is not satisfied that the term "imprisonment" requires that all those in custody of the B.O.P. must be confined in structures resembling Alcatraz or Sing Sing. Section 3621 certainly does not impose such a limitation in the B.O.P.'s discretion.

252 F.Supp. 2d at 301. The <u>Byrd</u> court could not be clearer, more cogent, or in the right on this question. The authoritative statement of the B.O.P.'s ability to locate prisoners in all settings is enshrined in a statue §3621(b).

While Pro Se may serve his time in community confinement either as part of B.O.P. custody or as a condition of supervised release, there are important differences. Far from nullifying §5.C1.1(d)(2)'s "provided that at least one-half of the minimum term is satisfied by imprisonment".

Another statue, 18 U.S.C. §3624(c), outlines what steps the B.O.P. is required to take at the end of an imprisonment term to ease a prisoner back into society--and when it must take them. Section 3624(c) provides as follows:

> The bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six(6) months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement.

18 U.S.C. §3624(c), this section bolsters the view that imprisonment means being in the custody of the B.O.P., rather than in any specific locale. It includes home confinement--a condition substantially less coercive than even community confinement--among the array of measures that the B.O.P. may take in discharging its duty to help transition prisoners back into society at the end of their terms.

B.O.P. has informed the Pro Se that the last 10 percent of his sentence is when he can go to community confinement.

Notwithstanding the plain language of §3624(c) and the B.O.P.'s own ongoing interpretation of that statue, the B.O.P. remains convinced that §3621(b) gives no discretion to install its prisoners in community confinement facilities.

## CONCLUSION

Pro Se, has been a model prisoner since his incarceration at F.M.C. Devens, which is good behavior while under the B.O.P. custody and for the foregoing reasons, that would put Pro Se in halfway house / home confinement in April of 2004 instead of August, giving Pro Se six(6) months instead of two(2) months ccc.

-9-

Improperly subjecting the Petitioner to a longer prison sentence rather than community confinement inflicts irreparable harm on the Petitioner, his family, and his preparation to be released into the community.

Petitioner humbly and respectfully request this Honorable Court to allow the herein motion allowing the Petitioner to be released under statute.

Petitioner declare that the foregoing is true and correct to the best of his knowledge or information and belief and that any false statements made therein are made subject to the penalties of applicable laws relating to unsworn falsifications to authorities.

Respectfully submitted on this 28th, day of May, 2004.

D. Ricky Richardson
#17761-038 J-B 208U
Petitioner / Pro Se